**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Of Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON,

## PORTLAND DIVISION

| | |
|---|---|
| **ELIXIR THERAPEUTICS, LLC**, a Wyoming limited liability company,<br><br>      Plaintiff, Counterclaim-Defendant,<br><br>      vs.<br><br>**GLOBAL INNOVATIVE CONCEPTS, LLC**, an Alabama limited liability company,<br><br>      Defendant, Counterclaim-Plaintiff. | Case No. 3:20-cv-2055<br><br>**DEFENDANT AND COUNTERCLAIM-PLAINTIFF GLOBAL INNOVATIVE CONCEPTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant Global Innovative Concepts, LLC ("Global") hereby submits this Answer to Plaintiff Elixir's Therapeutics, LLC's ("Elixir") Complaint.

### **ANSWER**

In response to the individually numbered paragraphs in Elixir's Complaint, Global states as follows:

GLOBAL INNOVATIVE CONCEPTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

1.    The allegations of Paragraph 1 are admitted upon information and belief.

2.    In response to the allegations of Paragraph 2, Global admits that it has at times provided technology consulting and other business services to a variety of industries but denies that it is a "technology consulting and services firm."

3.    Global admits the allegations contained in Paragraph 3 and further alleges that the parties did reach an oral agreement that was later reduced to writing.

4.    Global admits that Exhibit 1 is a copy of an email attaching a proposed Compensation Agreement for Global's review and input, as alleged in Paragraph 4.

5.    Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies those allegations.

6.    Global admits that Exhibit 2 is a copy of an email sent from Elixir to Global on or about May 11, 2020 and that the quoted words appear in that email.

7.    In response to the allegations contained in Paragraph 7, Global admits that no written agreement was reached between Elixir and Global after May 11, 2020 but denies that no written agreement was reached between Elixir and Global prior to May 11, 2020.

8.    In response to the allegations contained in the first sentence of Paragraph 8, Global admits that it claims the Compensation Agreement is valid and seeks to enforce that agreement but denies that it was never executed.  In response to the allegations contained in the second sentence of Paragraph 8, Global admits that Elixir's complaint purports to seek a declaratory judgment establishing the contractual obligations between the parties.  The allegations contained in the third sentence of Paragraph 8 are denied.

9.    The requests for relief following Paragraph 8 do not contain any allegations requiring a response from Global.  To the extent a response is required, Global denies that Elixir

GLOBAL INNOVATIVE CONCEPTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

is entitled to a judgment declaring that there is no written agreement between the parties and that Elixir does not owe any compensation to Global.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As set forth in further detail in its Counterclaim, even if the Court determines that there is no written contract between the parties, Global is owed at least $1,561,294 pursuant to a valid and enforceable oral contract and under the doctrines of unjust enrichment and *quantum meruit*. Global re-asserts each of these alternative theories as affirmative defenses.

### THIRD AFFIRMATIVE DEFENSE

Elixir is equitably estopped from claiming that no enforceable contract exists.

### FOURTH AFFIRMATIVE DEFENSE

As of the date of this filing there has been no return of service. Global therefore pleads the affirmative defense of failure of service of process.

### COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13(a), Global hereby states as follows for its Counterclaim against Elixir.

### PARTIES, JURISDICTION & VENUE

1.    Global is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama. Among other things, Global provides medical sales, staffing, and information technology services.

GLOBAL INNOVATIVE CONCEPTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

2.      Elixir is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business in Oregon.  Among other things, Elixir engages in the business of importing or distributing products for sale to customers who purchase the product for resale.

3.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

4.      Venue in the District of Oregon is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred there, and the contractual relationship at issue in this action stipulates the Oregon federal court as the appropriate venue.

## GENERAL ALLEGATIONS

5.      In the Spring of 2020, Global and Elixir orally agreed to cooperate to sell medical supplies to various states including Georgia.

6.      Under the parties' oral agreement, Elixir was responsible for product procurement and logistics while Global was responsible for product sales.  For its sales efforts, Global would be entitled to receive a commission equal to 50% of the profits from any completed transaction.

7.      The oral contract between Elixir and Global was reduced to writing on April 28, 2020 when Elixir sent Global a partially executed written contract.

8.      Elixir's offer to enter a written contract did not invite or require acceptance in any particular manner.

9.      Global immediately accepted Elixir's offer of a written contract by countersigning the agreement that day.  A true and correct copy of the written contract is attached as Exhibit 1.

GLOBAL INNOVATIVE CONCEPTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

10.     Among other things, the parties' written contract provides that in the event legal action is initiated, the prevailing party shall be entitled to all attorneys' fees, court costs, and expenses, in addition to any other relief to which such prevailing party may be entitled.

11.     Global informed Elixir that it had executed the written contract and then proceeded to perform its obligations thereunder by completing a sale to the State of Georgia.

12.     That sale was completed on May 11, 2020 when the State of Georgia wired Elixir the remaining balance due on that purchase order.

13.     Under the parties' agreement, and based on the costs allegedly incurred by Elixir in procuring the product, Global was due to receive a commission on this sale of $1,561,294.

14.     In keeping with the parties' agreement, Elixir had advised Global that it would distribute Global's share of the proceeds on May 12, 2020.

15.     Elixir immediately reneged on its promise to pay Global and set about to defraud Global out of its agreed commission.  Upon received payment from the State of Georgia, Elixir sent Global an email purporting to revoke its April 28 offer of a written contract.

16.     Elixir subsequently claimed to have incurred finance charges even though no financing was required to complete the transaction.  Elixir has never provided any documentation to support these charges which, upon information and belief, did not exist.

17.     Elixir refused to pay Global amounts that it owed despite repeated requests to do so.

18.     On August 19, 2020, counsel for Global sent a demand letter and invoice to Elixir requesting payment of $1,561,294, which at that time was over 90 days past due.  Global further requested documentation of Elixir's alleged costs in order to confirm the gross profits from the transaction and therefore the final amount due.

Page 5     GLOBAL INNOVATIVE CONCEPTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

19.     Elixir responded with a letter dated August 26, 2020.  In its August 26 letter Elixir denied having any enforceable agreement with Global.  Unbeknownst to Global, Elixir had already filed the complaint in this matter on August 24, 2020.

20.     Global responded to Elixir's August 26 letter on August 28, 2020.  In that letter, Global explained that the parties had a fully enforceable oral contract and a signed written contract that was accepted before it was revoked.  Global further explained that it was entitled to recover under the doctrines of *quantum meruit* and unjust enrichment.

21.     As of the date of this filing, Elixir has never responded to Global's August 28 letter and has never paid Global any of the commission it is owed under the parties' agreement for the completed transaction with the State of Georgia.

## COUNT I – BREACH OF CONTRACT

22.     Global incorporates the allegations contained in the preceding paragraphs, and further alleges that:

23.     Global entered into an agreement with Elixir for the sale of medical supplies.

24.     Global has performed under the agreement, fulfilled all of its obligations, and complied with all conditions precedent under the agreement.

25.     The total balance currently owing under said agreement, exclusive of interest, is at least $1,561,294.

26.     Elixir breached the agreement by failing or refusing to make payment to Global as required by the agreement between the parties. Global has suffered damages as a result of this breach.

GLOBAL INNOVATIVE CONCEPTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

27.     As a result of the foregoing, Global demands judgment against Elixir in an amount not less than $1,561,294, plus interest, attorneys' fees, and costs, and such other, further and different relief at law, in equity or otherwise as may be just and proper.

### COUNT II – ALABAMA SALES REPRESENTATIVE STATUTE
### (ALABAMA CODE § 8-24-1 et seq.)

28.     Global incorporates the allegations contained in the preceding paragraphs, and further alleges that:

29.     Elixir engages in the business of importing or distributing products for sale to customers who purchase the product for resale.

30.     Elixir utilizes sales representatives such as Global to solicit orders for its products and compensate its sales representatives, in whole or in part, by commission.

31.     Global engages in the business of soliciting, on behalf of a principal, orders for the purchase at wholesale of the product or products of the principal.

32.     Elixir failed to pay Global the sales commission due for the sale the parties completed to the State of Georgia on or about May 11, 2020.

33.     Alabama Code § 8-24-3 provides that a principal who fails to pay a sales commission is liable to the sales representative in a civil action for three times the damages sustained by the sales representative plus reasonable attorney's fees and court costs.

34.     Under Alabama law, Global's right to treble damages, attorney's fees, and court costs is not waivable.  *See* Alabama Code § 8-24-5 ("This chapter may not be waived, whether by express waiver or by any provision in a contract attempting to make the contract or agreement subject to the laws of another state. A waiver of any provision of this chapter is void.")

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

35.     As a result of the foregoing, Global demands judgment against Elixir in an amount not less than $4,683,882, plus interest, attorneys' fees, and costs, and such other, further and different relief at law, in equity or otherwise as may be just and proper.

## COUNT III – ACCOUNT STATED

36.     Global incorporates the allegations contained in the preceding paragraphs, and further alleges that:

37.     Elixir currently owes Global at least $1,561,294 on an account stated and presently due and payable.

38.     As a result of the foregoing, Global demands judgment against Elixir in an amount not less than $1,561,294 plus interest, if applicable, on the amount claimed herein, attorneys' fees, and costs, and such other, further and different relief at law, in equity or otherwise as may be just and proper.

## COUNT IV - EQUITABLE ESTOPPEL

39.     Global incorporates the allegations contained in the preceding paragraphs, and further alleges that:

40.     Elixir promised to pay Global 50% of the gross profits if Global would render services resulting in a completed sale of medical supplies.

41.     Elixir should have reasonably expected to induce action or forbearance by Global of a definite and substantial character.

42.     Elixir's promises did in fact induce such action or forbearance by Global.

43.     Injustice can be avoided only by enforcing Elixir's promises.

44.     In the event it is determined there is no express contract applicable to Global's claims, which Global denies, Global alternatively is entitled to recover under a theory of equitable

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

estoppel from Elixir the principal sum of $1,561,294, plus interest thereon at the highest legal rate from the date of the performance of such work until paid.

45.    As a result of the foregoing, Global demands judgment against Elixir in an amount not less than $1,561,294, plus interest, attorneys' fees, and costs, and such other, further and different relief at law, in equity or otherwise as may be just and proper.

## COUNT V – *QUANTUM MERUIT*

46.    Global incorporates the allegations contained in the preceding paragraphs, and further alleges that:

47.    Global furnished certain services related to the sale of medical supplies at the direction of Elixir and for Elixir's use and benefit.

48.    The services provided by Global were and are worth at least the principal amount of $1,561,294.

49.    Global has made demand upon Elixir for the payment of the total remaining unpaid invoices due and owing.

50.    Elixir has failed or refused to pay the outstanding invoices.

51.    As a result of Elixir's failure to pay Global, Elixir has become unjustly enriched at Global's expense in at least the amount of $1,561,294.

52.    As a result of the foregoing, in the event it is determined that there is no express contract applicable to Global's claims, which Global denies, Global alternatively is entitled to recover in *quantum meruit* from Elixir the principal sum of $1,561,294, plus interest thereon at the highest legal rate from the date of the performance of such work until paid.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

## COUNT VI – UNJUST ENRICHMENT

53.     Global incorporates the allegations contained in the preceding paragraphs, and further alleges that:

54.     As a result of Global's sales efforts with respect to the State of Georgia, a benefit was conferred to Elixir.

55.     Elixir was aware that it received a benefit as a result of Global's efforts.

56.     Global rendered its sales efforts with the expectation that it be compensated by Elixir.

57.     It would be unjust to allow Elixir to retain the benefit of Global's efforts without requiring payment by Elixir.

58.     As a result of the foregoing, in the event it is determined that there is no express contract applicable to Global's claims, which Global denies, Global alternatively is entitled to recover under the doctrine of unjust enrichment from Elixir the principal sum of $1,561,294, plus interest thereon at the highest legal rate from the date of performance of such work until fully paid.

### PRAYER FOR RELIEF

Global respectfully requests that the Court enter judgment in its favor as follows:

1.     Judgment in favor of Global and against Elixir for breach of contract in an amount not less than $1,561,294, plus interest, attorneys' fees, and costs.

2.     Judgment in favor of Global and against Elixir for violation of the Alabama Sales Representative Statute Elixir in an amount not less than $4,683,882, plus interest, attorneys' fees, and costs.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

3.      Judgment in favor of Global and against Elixir for account stated in an amount not less than $1,561,294 plus interest, if applicable, on the amount claimed herein, attorneys' fees, and costs.

4.      If it is determined that no express contract exists, judgment in favor of Global on the basis of equitable estoppel against Elixir in an amount not less than $1,561,294, plus interest, attorneys' fees, and costs.

5.      If it is determined that no express contract exists, judgment in favor of Global on the basis of unjust enrichment against Elixir in the amount of $1,561,294, plus interest.

6.      Such other and further relief as the Court may deem just and equitable.

Dated: November 25, 2020.

SCHWABE, WILLIAMSON & WYATT, P.C.


By:    *s/ Anne M. Talcott*
        Anne M. Talcott, OSB #965325
        Email:  atalcott@schwabe.com
        Telephone: 503.222.9981
        Facsimile: 503.796.2900


        John Mark Goodman (*pro hac vice* to be filed)
        BRADLEY ARANT BOULT CUMMINGS
        LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        (205) 521-8231
        (205) 521-8800 - facsimile
        jmgoodman@bradley.com

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 25th day of November, 2020, I caused to be served a true and

correct copy of the foregoing via the methods indicated on the following party:


Charles R. Markley
Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Telephone:  (503) 228-7967
cmarkley@williamskastner.com

BY:
☐    Hand Delivery
☐    Facsimile
☒    U.S. Mail
☐    Overnight Courier
☒    Courtesy Email
☐    Electronic Service
☐    Other:


_s/ Anne M. Talcott_____
Anne M. Talcott, OSB #965325

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900