**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Jonathan Stamm**, OSB #185861
Email:  jstamm@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

        *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELIXIR THERAPEUTICS, LLC**, a Wyoming limited liability company,<br><br>    Plaintiff, Counterclaim-Defendant,<br><br>    vs.<br><br>**GLOBAL INNOVATIVE CONCEPTS, LLC**, an Alabama limited liability company,<br><br>    Defendant, Counterclaim-Plaintiff. | Case No. 3:20-cv-2055-YY<br><br>**DEFENDANT'S MOTION FOR ORDER COMPELLING DISCOVERY AND FOR SANCTIONS**<br><br>**Oral Argument Requested** |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

# TABLE OF CONTENTS

**Page**

MOTION..................................................................................................................... 1

INTRODUCTION ...................................................................................................... 1

RELEVANT BACKGROUND OF DISCOVERY ABUSES ..................................... 3

    I.      Outstanding Discovery to Elixir .................................................... 3

          A.     Defendant's First Request for Production No. 16..................... 3

          B.     Defendant's Second Requests for Production............................ 4

          C.     Defendant's Second Set of Interrogatories. ............................. 5

          D.     30(b)(6) Deposition of Elixir. .................................................. 5

    II.     Subpoena to Mr. Hudler in his personal capacity as a fact witness and Controlling Member of Elixir......................................................................................... 7

          A.     Document Requests directed at Mr. Hudler individually through Subpoena *Duces Tecum*.................................................................................. 8

          B.     Deposition of Mr. Hudler in his individual capacity as a fact witness and as Principal and Controlling Member of Elixir.................................... 9

    III.    30(b)(6) Deposition of Elixir ..................................................... 10

    IV.    Deposition of Shahriar Shahid .................................................. 10

    V.     Elixir's Failure to Admit in Response to Requests for Admission ...................... 11

    VI.    Elixir's Failure to Supplement Interrogatory Responses ..................... 12

ARGUMENT ............................................................................................................ 13

    I.      Dismissal of Elixir's Claim For Declaratory Relief and a Default Judgment in Favor of GIC is Warranted ....................................................................... 14

          A.     First and Second Factors......................................................... 16

          B.     Third Factor ............................................................................ 17

          C.     Fourth Factor .......................................................................... 17

          D.     Fifth Factor ............................................................................. 17

    II.     Sanctions for Failure to Supplement Answers to Interrogatories and Admissions to Requests for Admission Are Warranted ..................................... 18

    III.    Motion to Compel Depositions of a Competent 30(b)(6) Witness and Shahriar Shahid 19

    IV.    An Order of Contempt Against Mr. Hudler for Failure to Appear for Deposition Is Warranted....................................................................................... 19

    V.     GIC Should Be Awarded Its Attorneys' Fees and Costs in Conjunction with the Sanctions Requested Herein .................................................................... 20

CONCLUSION......................................................................................................... 20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l. Corp. v. Thoeren*,
913 F.2d 1406 (9th Cir. 1990) ...................................................................................17

*Brazos River Auth. v. GE Ionics, Inc.*,
469 F.3d 416 (5th Cir. 2006) .....................................................................................19

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
482 F.3d 1091 (9th Cir. 2007) ...................................................................................15

*Consol. Rail Corp. v. Grand Trunk Western R. Co.*,
853 F. Supp. 2d 666 (E.D. Mich. 2012).....................................................................19

*Dreith v. Nu Image, Inc.*,
648 F.3d 779 (9th Cir. 2011) .........................................................................15, 17, 18

*Hester v. Vision Airlines, Inc.*,
687 F.3d 1162 (9th Cir. 2012) ............................................................................16, 18

*Lee v. Max Intern., LLC*,
638 F.3d 1318 (10th Cir. 2011) ...................................................................................1

*Lee v. Walters*,
172 F.R.D. 421 (D. Or. 1997) ............................................................................15, 16, 17

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006) .....................................................................................17

*Nat'l Hockey League v. Metro Hockey Club, Inc.*,
427 U.S. 639 (1976)....................................................................................................15

*In re Phenylpropanolamine Prods. Liability Litig.*,
460 F.3d 1219 (9th Cir. 2006) ............................................................................16, 17

*Sigliano v. Mendoza*,
642 F.2d 309 (9th Cir. 1981) .....................................................................................17

*TeleVideo Sys., Inc. v. Heidenthal*,
826 F.2d 915 (9th Cir. 1987) .....................................................................................15

*United States for Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Const. Co.,
Inc.*,
857 F.2d 600 (9th Cir. 1988) .....................................................................................17

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

*Wanderer v. Johnston,*
    910 F.2d 652 (9th Cir. 1990) ................................................................15

*Wyle v. R. J. Reynolds Indus., Inc.,*
    709 F.2d 585 (9th Cir. 1985) ................................................................14

**Other Authorities**

Fed. R. Civ. P. 26(e) ....................................................................12, 14

Fed. R. Civ. P. 30(b)(6) ........................................................................19

Fed. R. Civ. P. 36 .................................................................................1

Fed. R. Civ. P. 37 ....................................................................1, 13, 14, 15

Fed. R. Civ. P. 45(e) .....................................................................1, 14, 20

LR 7-1 .................................................................................................1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

## LR 7-1 CERTIFICATION

In compliance with Local Rule 7-1, counsel for Defendant Global Innovative Concepts, LLC ("GIC") certifies that he conferred in good faith with counsel for Plaintiff Elixir Therapeutics, LLC ("Elixir") regarding the subject of this motion, and Plaintiff's counsel has indicated that Elixir opposes this motion.

## MOTION

Pursuant to Fed. R. Civ. P. 37, GIC seeks an order (1) imposing sanctions—including dismissal and default judgment—against Elixir for failure to follow prior orders of this Court compelling discovery; (2) imposing sanctions against Elixir for failure to appear for and attend duly-noticed depositions; (3) imposing sanctions against Elixir for failing to supplement responses to interrogatories and failing to admit matters requested under Fed. R. Civ. P. 36; (4) compelling depositions of (a) a competent 30(b)(6) witness for Elixir; and (b) Mr. Shahriar Shahid (Director and Chief Technology Officer of Elixir); and (5) issuing an order of contempt against Mr. Hudler for failing to appear for his deposition under Fed. R. Civ. P. 45(e). This Motion is supported by the points and authorities raised herein, the pleadings and records contained in the docket, and the Declaration of Jonathan Stamm ("Stamm Decl.") filed contemporaneously herewith.[1]

## INTRODUCTION

"Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011). Discovery obligations, the rules of civil practice, and Court orders are not mere suggestions, they are the means through which facts related to a dispute are developed and a case prepared for trial. When parties ignore deadlines and effectively refuse to participate, they not only prejudice their adversary, they make a mockery of our courts. GIC has exhausted every means available to it to

---

[1] All references to "Ex. __" herein, refer to the exhibits attached to the Stamm Declaration filed concurrently herewith.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

secure Elixir and Mr. Hudler's attention to this case, all of which have been in vain.

Following over <u>twenty</u> informal follow-up attempts, four hearings (and four orders), several extensions to the case deadlines, and expenditure of a significant amount of attorneys' fees and costs, the Court set hard deadlines for Elixir and Mr. Hudler to comply with discovery obligations in this case: outstanding discovery was to be delivered by February 4, 2022, and depositions were to be completed by February 18. Finally, discovery that had been outstanding for nearly a year was ordered to be produced, and a case that has languished—despite GIC's diligence—could proceed.

In spite of this Court's most recent order compelling the discovery above, Elixir failed again to meet its discovery obligations, thus violating the order imposed in this case. Elixir failed to produce any of the outstanding documents by the February 4 deadline. Elixir failed to produce a witness competent and prepared to testify on behalf of the corporation pursuant to the 30(b)(6) deposition notice.[2] Additionally, Elixir failed to produce Shahriar Shahid—Director and Chief Technology Officer of Elixir—as a fact witness for deposition and Mr. Hudler failed to appear for his individual deposition—both of which had been scheduled with the agreement of counsel well beforehand.

Sanctions, including default and dismissal, are warranted for this kind of egregious conduct. This Court warned Elixir at the January status conference when discovery was compelled and the February deadlines for its completion were set, that Elixir and Mr. Hudler would be given no further extensions. Yet even the admonishment of this Court was to no avail, as Elixir failed again to comply with the deadlines, in clear violation of the order of this Court. Elixir and Mr. Hudler's gambit is to ignore GIC's discovery requests, break agreements made, violate the rules, and disregard orders, and then seek the Court's after-the-fact blessing or forgiveness of its dereliction. Such a strategy cannot be allowed to continue. Elixir has made

---

[2] Although Martin Hudler "appeared" for the 30(b)(6) deposition, he admitted that he had not even read GIC's notice prior to the deposition (let alone prepared to testify on the topics in any meaningful way).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

clear through its conduct that it does not wish to participate in a case that it started. As more fully demonstrated below, an order dismissing Elixir's claim for declaratory relief, granting a default judgment in favor of GIC, and granting GIC its attorneys' fees and costs incurred, are, in total, an appropriate sanction for Elixir's blatant and egregious discovery abuses in this case.

## RELEVANT BACKGROUND OF DISCOVERY ABUSES

## I.    OUTSTANDING DISCOVERY TO ELIXIR

To date, Elixir has failed to produce long overdue discovery, some of which was requested over a year ago. The undersigned can identify over twenty attempts to follow-up and confer with counsel for Elixir on the status of the outstanding discovery. (*See* Stamm Decl., at ¶ 3.) This began as early as April 13, 2021. (Ex. A.) Each request was met with the same pattern of non-responsiveness within the deadline, followed by an empty promise to comply with the request, then failure to produce the discovery requested and promised.  (*Id.*) After months of this pattern, it became apparent that the only means to secure Elixir's attention to this case was to request the Court's intervention. After several hearings and orders from this Court compelling the production of outstanding discovery, the Court set a final production deadline of Friday, February 4, 2022. As noted by the Court on the record at the hearing setting that deadline, Elixir would not be given another extension. Yet Elixir failed to produce discovery by that deadline (and has still failed to produce anything).

### A.    Defendant's First Request for Production No. 16.

This request (Ex. C), **served on January 20, 2021,** seeks financial statements from Elixir including bank records, tax filings (and schedules thereto), and other relevant financial information that related to GIC, the Georgia Transaction, and "costs and adjustments"  as defined in the Compensation Agreement (attached as Exhibit 1 to GIC's Counterclaim) (ECF 1-1). These would include statements and filings of Elixir's principal, Mr. Martin Hudler, as Elixir is a "pass-through entity" (as repeatedly noted by both Elixir's counsel and Mr. Hudler's counsel, respectively, on the record at the October and November status conferences with the Court).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

Beginning in early September of 2021, counsel for GIC attempted to follow-up and confer with Elixir on the production of this outstanding discovery. (Stamm Decl., ¶ 3.) The undersigned attempted six more times over the next seven weeks for an update. (*Id.*)

After months of requests and follow-up to no avail (*see generally*, Ex. B), GIC requested assistance from the Court and on October 12, 2021, the Court ordered Elixir to produce the requested discovery.

Following the October 12, 2021, hearing and subsequent order compelling production, the undersigned attempted to follow-up on this outstanding discovery an additional four times, without success, before turning to the Court again for assistance. (*Id.* at ¶ 8.) At the November 18, 2021, hearing, the Court set a production deadline of December 13, 2021, and a deposition deadline of December 16, 2021, for Elixir to produce the core financial records sought eleven months earlier by GIC.  Although a stay was requested by Elixir at the time the discovery was due because Mr. Hudler's adult son had health issues, the Court nevertheless issued the latest order compelling production of this outstanding discovery by February 4, 2022. Elixir failed to produce anything by that date.

### B.    Defendant's Second Requests for Production.

GIC served these requests on August 13, 2021. (Ex. D.) In response to Request Nos. 23 & 24 (served on October 5, 2021), Elixir indicated that it would produce responsive documents only upon the entry of a Stipulated Protective Order (the "SPO"). The parties negotiated an SPO, which the Court entered on or around November 3, 2021. (ECF 33.) Thereafter, the undersigned followed up on numerous occasions as to the status of these documents, to no avail. (Stamm Decl., ¶ 8; Ex. E.) At the November 18, 2021 hearing, the Court ordered Elixir to produce the outstanding discovery responsive to GIC's Second Request for Production on or before December 13, 2021. Elixir did not comply with that order either.  At the January 20, 2022, hearing, the Court admonished Elixir and again ordered it to produce this information on or before February 4, 2022. Elixir failed to produce discovery responsive to GIC's Second Request for Production.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

### C.    Defendant's Second Set of Interrogatories.

As with Defendant's Second Requests for Production, Elixir committed to providing answers to Interrogatories 17-19 once the SPO was entered. (Ex. D.) Following the entry of the SPO, the undersigned followed up numerous times with Elixir's counsel requesting the promised responses. (Stamm Decl., ¶ 8.) The Court ordered that these responses be provided in its November 18, 2021 order, on or before December 13, 2021. Elixir did not comply with that order. Again, at the January 20, 2022 hearing, the Court ordered Elixir to provide these responses on or before February 4, 2022. Despite GIC's counsel's efforts, and orders from this Court following the November 18, 2021, and January 20, 2022, hearings setting a February 4, 2022, deadline, Elixir failed to produce this information.

### D.    30(b)(6) Deposition of Elixir.

On February 8, 2022, Elixir appeared at the 30(b)(6) deposition noticed by GIC offering Mr. Hudler as its designated corporate witness. Mr. Hudler acknowledged Elixir's failure to produce any of the aforementioned outstanding discovery. (*See* Martin Hudler 30(b)(6) Deposition Transcript ("Elixir Dep.") at 12:15-25, attached as Exhibit I to the Stamm Decl.) Mr. Hudler testified that certain outstanding documents might exist, but that he had not been able to locate them yet, as they may or may not have been destroyed. (*Id.* at 13:19-14:1.) He also indicated that some documents and/or information responsive to outstanding discovery might be in the possession of his personal attorney, Mr. Charles Markley. (*Id.* at 149:25-150:18.) Furthermore, GIC's counsel attempted to question Mr. Hudler directly regarding the substance of Interrogatories 17-19. In response, Mr. Hudler refused to answer, oscillating between a claimed lack of memory and claiming the information sought was subject to an "NDA." (*Id.* at 83:22-86:1; 120:22-121:24.) The following table outlines Elixir's failures in producing a competent witness for the 30(b)(6) deposition to address topics listed in the notice of deposition (Ex. H):

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

| Topic | Failure |
|---|---|
| Communications with Jonathan Pearson. | Elixir Dep. at 171:1-172:2; 173:21-174:25; 175:3-11; 181:15-182:21 (claiming that Mr. Pearson was a third-party to who Mr. Hudler invited to negotiate a "settlement" with GIC, yet not knowing his whereabouts, his contact information, or the substance of his involvement with this deal).<br><br>Elixir has failed to provide any contact information for Mr. Pearson, and even indicated in response to an interrogatory that the phone number previously used is disconnected.<br><br>Elixir and Mr. Hudler committed to producing communications with Mr. Pearson in response to GIC's Second Set of Discovery Responses, subject to the entry of an SPO. Despite all of their conditions being met, Elixir and Mr. Hudler have failed to produce anything.<br><br>Mr. Hudler was asked to produce communications with Mr. Pearson in response to the subpoena request. Mr. Hudler failed to produce anything. |
| Negotiations leading up to the Compensation Agreement | During the 30(b)(6) deposition, Mr. Hudler repeatedly pointed to Mr. Shahid as the one with knowledge regarding many critical topics, such as negotiations between Elixir and GIC regarding the terms of profit allocation and costs for business dealings between the two.<br><br>Elixir Dep. at 31:8-12; 35:20-25; 38:9-16; 43:4-14; 46:16-20; 57:2-23; 59:9-25; 60:12-24; 61:15-62:5; 62:6-8; 67:7-15 (pointing to Mr. Shahid as the one with knowledge).<br><br>Finally, Mr. Shahid failed to appear for his deposition. |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

| | |
|---|---|
| Elixir's introduction to GIC | *Id.* (pointing to Mr. Shahid). |
| Communications regarding the Georgia Transaction | *Id.* (pointing to Mr. Shahid and/or claiming lack of memory or knowledge). |
| Communications regarding Elixir's costs and payment to third-parties prior to any payment to GIC. | GIC sought documents and interrogatory responses regarding the source of "capital costs" in its Second Set of Discovery Requests, as well as from Mr. Hudler individually. Elixir committed to producing these documents after the execution of an SPO. The Court set a February 4, 2022, deadline for the production of this outstanding discovery. Elixir failed to produce anything.<br><br>Elixir Dep. at 55:19-23; 56:9-12; 83:22-86:1; 87:16-88:9; 123:3-124:1124:2-21 (refusing to answer, claiming lack of knowledge or memory, and pointing to yet-to-be-produced documents that might exist that would inform Elixir's knowledge of the same). |
| Any and all sources of financing for the Georgia Transaction; the disbursement of proceeds received by the State of Georgia on the Georgia Transaction; Elixir's accounts payable and/or moneys owed to third-parties in relation to the Georgia Transaction; and Elixir's costs associated with the Georgia Transaction. | *Id.* |

## II.   SUBPOENA TO MR. HUDLER IN HIS PERSONAL CAPACITY AS A FACT WITNESS AND CONTROLLING MEMBER OF ELIXIR

GIC has been attempting to secure the deposition of Mr. Hudler and obtain documents in his position for over six months, and first noticed his deposition as a fact witness in August of 2021. (Stamm Decl., ¶ 4.) The undersigned attempted to coordinate scheduling Mr. Hudler's deposition with counsel for Elixir originally, as counsel for Elixir indicated in early September 2021 that although he would not be representing Mr. Hudler individually, his office would nevertheless accept service of a subpoena to Mr. Hudler sent to Elixir's counsel in mid-August of

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR 97204<br>Telephone: 503-222-9981<br>Fax:503-796-2900

2021. (*Id.*) This later turned out to be false, as just prior to the October 12, 2021, hearing, Elixir indicated that Mr. Hudler would be securing his own counsel for the purposes of responding to the subpoena. GIC was then left waiting while Mr. Hudler retained Mr. Charles Markley to represent him individually. (*Id.*) Thereafter, the undersigned attempted to schedule Mr. Hudler's deposition and secure Mr. Hudler's production of documents no less than <u>seven times</u>. (*Id.*)

### A.    <u>Document Requests directed at Mr. Hudler individually through Subpoena *Duces Tecum*</u>.

As recounted above, GIC first served a subpoena *duces tecum* to Mr. Hudler in his individual capacity, through Elixir's counsel, in mid-August of 2021. Following Mr. Markley's re-entry into this case as Mr. Hudler's personal counsel months later, Mr. Hudler objected to producing any documents. At the November 13, 2021, hearing, the Court overruled Mr. Hudler's objections to the document requests contained in the subpoena *duces tecum*, ordering Mr. Hudler to produce documents by December 13, 2021.  On January 13, 2022, Mr. Markley produced two "batches" of documents: (1) a single text message between Mr. Hudler and an individual unaffiliated with the underlying facts and issues in this case; and (2) a re-production of the documents previously produced by Elixir. (Stamm Decl., ¶ 13.) At the January 20, 2022, hearing, Mr. Markley indicated that these were the only documents his client provided him. (*Id.*) The undersigned attempted to confer with Mr. Markley as to the balance of documents sought in the subpoena, as well as any indication as to which specific requests these documents were responsive. (*Id.*) Mr. Markley has failed to provide responses to these questions.

It is clear that documents produced by Mr. Hudler are incomplete. For example, the requests seek Mr. Hudler's communications, <u>including text messages</u>, with GIC and its representatives, regarding the Georgia Transaction.  (*See* Ex. C, at p. 6, Request for Production No. 11; Ex. J, p. 4.) Mr. Hudler failed to produce a single communication. And yet, GIC produced a litany of text messages between Mr. Hudler and GIC's principal, Allen Kilgore. Mr. Markley's assertion on the record that his client did not have any other document is therefore

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

clearly false.[3] Furthermore, the Requests in the subpoena *duces tecum* sought documents relating to Mr. Hudler's tenure as a US Navy Seal, documents relating to Elixir's source of "capital" on the Georgia Transaction, communications with Jonathan Pearson, and other individuals and associates of Mr. Hudler regarding the Georgia transaction. (Ex. J.)  Mr. Hudler has failed to produce a single document responsive to these other requests.

After numerous failed attempts and orders from the Court overruling Mr. Hudler's objections to producing documents, Mr. Hudler <u>still</u> failed to produce anything other than (1) a single text message with an unrelated and unknown individual; and (2) a re-production of Elixir's prior document production.  (Stamm Decl., ¶ 13.)

**B.    Deposition of Mr. Hudler in his individual capacity as a fact witness and as Principal and Controlling Member of Elixir.**

At the January 20, 2022, hearing, the Court ordered that depositions were to be completed by February 18, 2022. Immediately following the hearing, the undersigned attempted to schedule three depositions with Elixir and Mr. Hudler's counsel. (Stamm Decl., ¶ 15; Ex. G.) The parties agreed on February 8, 9, and 10, and confirmed witness availability. Mr. Hudler's deposition, pursuant to the deposition subpoena served on him in his individual capacity, was set for February 10 at noon PST. The undersigned then sent a conforming subpoena to Mr. Markley, who agreed to accept service of the same electronically.  Thus, after <u>months</u> of attempted conferral between the undersigned and Elixir's counsel and, later, Mr. Hudler's personal counsel, and no less than <u>thirteen</u> attempts to schedule Mr. Hudler's deposition in his individual capacity, it was finally set. (Stamm Decl., ¶¶ 1-15.) Then on February 10, 2022, <u>not more than forty minutes</u> prior to time Mr. Hudler's deposition was scheduled to begin, Mr. Markley emailed the undersigned, and notified him that Mr. Hudler was not going to appear for his deposition. (Stamm Decl., ¶ 22.) The undersigned noted Mr. Hudler's failure to appear on the record.  (*Id.*)

---

[3] It is concerning that no explanation has been given regarding the balance of text message communications. Indeed, when presented with these text messages at the 30(b)(6) deposition, Mr. Hudler refused to acknowledge that they were even genuine.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

### III.    30(B)(6) DEPOSITION OF ELIXIR

In addition to the deposition of Mr. Hudler, the undersigned attempted on more than a dozen occasions to coordinate the 30(b)(6) deposition of Elixir. (Stamm Decl., ¶¶ 1-15.) Following the January 20, 2022, hearing ordering a February 18, 2022, deposition deadline, the parties conferred and agreed on February 8, 2022, for this deposition. (*Id.* at ¶ 15; Ex. G.)

As explained above, GIC originally provided the 30(b)(6) notice to Elixir in August of 2021. It was Elixir's obligation to produce a competent witness with knowledge to testify regarding the topics listed in that notice. Never once did Elixir object to a single topic listed on that notice. However, during that deposition (with Mr. Hudler designated as the corporate representative), it was immediately clear that Elixir failed to produce a witness with knowledge regarding the topics listed in that notice. In fact, at the start of the deposition Mr. Hudler admitted that he had not even reviewed the notice prior to the deposition. **(**Elixir Dep. at 10:6-23.)  Not only was Mr. Hudler unaware of the topics he was offered by Elixir to testify to, he was likewise inadequately familiar with the subjects and unprepared. (*See generally, id.,* at 46:16-20; 59:9-25; 60:12-24.) He repeatedly claimed he had a lack of memory of key facts that should be knowable to Elixir and deflected subjects to another person within Elixir, Mr. Shahriar Shahid, as having superior knowledge to his own. (*Id.*) Mr. Hudler was combative and evasive throughout the deposition, even refusing to answer many questions without proper justification, supportable objection, or an instruction not to answer. (*Id.,* at 83:22-86:1; 87:16-88:9; and 149:3-24.) For example, he failed to have any knowledge or memory regarding communications with GIC regarding any contemplated profit-sharing (*id.,* at 35:20-25; 38:9-16; 43:4-14; 59:9-25), the accounting of the costs, adjustments, revenue and profit-split regarding the Georgia Transaction (*id.*, at 154:18-159:1; 165:16-166:25), and even the basic organizational structure of Elixir (*id.*, at 191:11-192:6).

### IV.    DEPOSITION OF SHAHRIAR SHAHID

Beginning in August of 2021, the undersigned indicated Elixir's desire to depose Mr. Shahid. (Stamm Decl., ¶ 3.)  As admitted by Elixir, Mr. Shahid is a director, partial owner,

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

and chief technology officer of Elixir. The undersigned attempted to notice Mr. Shahid for deposition, and continually followed up with counsel for Elixir on dates available. During the stay imposed due to Mr. Hudler's son's health concerns, the undersigned attempted to move the case forward by securing the deposition of Mr. Shahid in the interim. (*Id.* at ¶ 11; Ex. F.)

For weeks, the undersigned attempted to notice Mr. Shahid's deposition as a critical fact witness, to no avail. Elixir failed to respond to these repeated attempts to schedule and/or continually promised to provide dates, without any follow-through. (*Id.*) Following the January 20, 2022, order setting the February 18 deposition deadline, the parties agreed to a deposition date for Mr. Shahid on February 9, 2022, beginning at 1 p.m. (PST). Mr. Henderson confirmed Mr. Shahid's availability the week prior. (Stamm Decl., ¶ 16.) However, on the eve of Mr. Shahid's deposition, counsel for Elixir indicated that Mr. Shahid likely would not appear for his deposition as noticed. (*Id.* at ¶ 21.) No explanation was given by Elixir's counsel for his suspicion that Mr. Shahid would not appear as agreed and in accordance with the deposition notice. As predicted by Elixir's counsel, Mr. Shahid did not appear on February 9, 2022, for his deposition as noticed. GIC noted Mr. Shahid's non-appearance on the record.[4] (*Id.*)

The impact of Mr. Shahid's failure to appear for his deposition on GIC's discovery efforts was made even more substantial because of Mr. Hudler's testimony (or lack thereof) on behalf of Elixir at the 30(b)(6) deposition. As recounted above, Mr. Hudler frequently pointed to Mr. Shahid as the only one with knowledge regarding a litany of topics identified in the notice for that corporate deposition.

## V.    ELIXIR'S FAILURE TO ADMIT IN RESPONSE TO REQUESTS FOR ADMISSION

At the 30(b)(6) corporate representative deposition, it became clear that Elixir has failed to admit certain items that had been requested in GIC's First Requests For Admission, served in mid-August of 2021. (Ex. D.) Mr. Hudler acknowledged that GIC performed services in the form

---

[4] Moreover, GIC purposefully arranged for Mr. Shahid's deposition immediately following the 30(b)(6). Now, with an indefinite delay (yet again), Elixir will have an obvious advantage to the detriment of GIC.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

of, at the very least, an "introduction," to the State of Georgia for the sale of medical supplies. (Elixir Dep. at 192:9-193:7.) In response to the Request for Admission seeking an admission regarding the same, Elixir stated that it could not admit or deny due to lack of knowledge. (*See* Ex. D.) This response was provided on October 5, 2021. Moreover, in response to the allegations in GIC's Counterclaim alleging that GIC performed services to Elixir, Elixir denied these same allegations. *See* Elixir's Response to Counterclaim, at ¶ 9 (ECF 15). GIC has been forced to incur the time and expense of preparing for deposition and seeking this information when an earlier admission could have narrowed the issues in discovery at an earlier juncture.

## VI.    ELIXIR'S FAILURE TO SUPPLEMENT INTERROGATORY RESPONSES

At the 30(b)(6) deposition of Elixir, it became clear that Elixir has failed to supply accurate information and/or amend information previously provided in response to GIC's First Set of Interrogatories that is no longer true, in violation of Fed R. Civ. P. 26(e). At the 30(b)(6) deposition, Mr. Hudler identified several other individuals who may have knowledge regarding the facts and circumstances alleged in this lawsuit. (Elixir Dep. at 185:24-188:10 (identifying three individuals with knowledge and/or who might have relevant documents).)

Mr. Hudler also failed to acknowledge that the "accounting" of all of the costs, adjustments, and proceeds stemming from the Georgia Transaction provided in response to Interrogatory No. 3 was actually true and accurate, let alone never having seen this document prior to deposition. (*Id.* at 155:23-159:1; 159:2-166:2; 166:3-25.) When asked about this document, Mr. Hudler became combative, refused to answer, refused to acknowledge its contents as accurate, and claimed lack of memory. (*Id.*) However, from the time it was produced in response to Interrogatory No. 3, GIC has relied on its contents as the roadmap for the truth of what Elixir actually received and paid out, as well as what amounts it contends are owed to GIC as a result, of the Georgia Transaction. GIC has incurred significant sums of time and expense, both in guiding discovery and overall litigation strategy, as well as the potential settlement of this matter, in reliance on the accuracy of this document. Now, with Mr. Hudler's late-stage

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

disavowal of this document, GIC is left completely in the dark as to the central accounting of this case.

Finally, Mr. Hudler's testimony regarding the ownership structure of Elixir is not as indicated in response to Interrogatory No. 11. (*Id.* at 191:11-192:6.) In that response, Mr. Hudler stated that Centurion Cascade, LLC was the sole owner of Elixir. However, at deposition, Mr. Hudler testified that Elixir was now owned by himself, through an entity, Mr. Shahid, through an entity, and another, unknown, entity. *Id.*

## ARGUMENT

Although Elixir initiated this lawsuit against GIC it has delayed, obstructed, and violated the orders concerning discovery at every turn. After nearly a year of extensions, unfulfilled promises, delays, extensions, and orders from this Court compelling the completion of discovery, Elixir and Mr. Hudler have simply chosen to ignore GIC's discovery attempts and test the Court's patience in perpetuity. Despite expenditure of significant sums of time, fees, and costs, to pursue the most basic discovery in this case, GIC is left without any viable means of defending itself and prosecuting its own affirmative claims. For each of the discovery abuses outlined above, sanctions under Fed. R. Civ. P. 37 are appropriate. Specifically, the following are appropriate and warranted under the circumstances:

(1) Sanctions under Fed. R. Civ. P. 37(b)(2)(A)(iv) for failure to abide by orders of this Court compelling discovery and for failure to appear for deposition. GIC seeks an order of default judgment on GIC's claims for relief and for an order dismissing Elixir's claim for declaratory relief. In conjunction, GIC seeks an order awarding GIC its attorneys' fees and costs incurred as a result of these abuses.

(2) Sanctions under Fed. R. Civ. P. 37(d) and 45(e) against Elixir and Mr. Hudler, respectively, for the failure to a) adequately prepare and present a corporate representative to testify on Elixir's behalf; b) produce Mr. Shahid for deposition; and c) produce Mr. Hudler for deposition. For these failures, GIC seeks an order of default judgment in favor of its claims, dismissal of Elixir's claim for declaratory relief, and an order of contempt against Mr. Hudler

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

under Fed. R. Civ. P. 45(e). In conjunction, GIC seeks an order awarding GIC its attorneys' fees and costs incurred as a result of these abuses.

(3) Sanctions under Fed. R. Civ. P. 37(c)(2) for Elixir's failure to supplement its responses to Interrogatory Nos. 1 and 2 (for failure to identify other individuals with knowledge) and 3 (for producing a "true" accounting of costs for the Georgia Transaction only to later disavow this document, nearly a year later), pursuant to Fed. R. Civ. P. 26(e). The Court should preclude Elixir from relying on testimony or evidence gathered from individuals previously undisclosed, and presume adverse inferences against Elixir for testimony that could have been provided by these individuals. The Court should further sanction Elixir for failure to admit in response to Request for Admission No. 1 that GIC performed services to Elixir pursuant to the Georgia Transaction. The Court should conclude that GIC did, in fact, provide services to Elixir pursuant to the Georgia Transaction. In conjunction, GIC seeks an order awarding GIC its attorneys' fees and costs incurred as a result of these abuses.

(4) In conjunction with the above, an order awarding GIC all of its attorney's fees and costs incurred as a result of repeated, and failed, attempts to confer and follow-up with Elixir and Mr. Hudler's counsel regarding outstanding discovery, attending hearings seeking the production of the same, and for the fees and costs incurred in the preparation and attendance of the three scheduled depositions on February 8, 9, and 10, 2022, is proper. To the extent that the Court compels the deposition of these three witnesses at a future date, and re-opens the discovery period as a result, a prospective order granting GIC its attorneys' fees and costs to be incurred in preparing for and attending those future depositions, is additionally warranted.

## I.   DISMISSAL OF ELIXIR'S CLAIM FOR DECLARATORY RELIEF AND A DEFAULT JUDGMENT IN FAVOR OF GIC IS WARRANTED

Fed. R. Civ. P. 37(b) "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1985). Among the permissible range of sanctions under Rule 37 is "rendering a default judgment

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Case dispositive sanctions "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to determine those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). While a terminating sanction such as a default judgment is severe and requires willfulness, bad faith, and fault to justify, it is appropriate to reject lesser sanctions where it is anticipated there will be continued willful conduct that otherwise taints the entire pretrial process. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916-17 (9th Cir. 1987).

Discovery sanctions may be imposed even for a violation of a court's verbal order, as long as a party has unequivocal notice that a court has asked that certain documents be produced. *Dreith v. Nu Image, Inc.,* 648 F.3d 779 (9th Cir. 2011) (reiterating that violations of a scheduling order may result in sanctions, including dismissal). In *Dreith*, the Ninth Circuit found that the District Court did not abuse its discretion by imposing sanction of default for discovery violations, where defendants delayed resolution of the case, interfered with the court's management of its docket, made it impossible for plaintiff to adequately prepare itself for trial. *Id.* Moreover, a prior order from the court to produce discovery represented a first, lesser sanction of default, and the actions of defendant were "egregious." *Id.*

The Ninth Circuit has identified five factors that are to be applied in considering whether a dismissal or default is appropriate as a Rule 37 sanction. *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990)*.* The court is to consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id. See generally, Lee v. Walters,* 172 F.R.D. 421 (D. Or. 1997) (prerequisites for sanctions were established based on failure to attend depositions, failure to produce documents, motions to compel discovery, and failure to obey orders of the court). Furthermore, sanctions are mandatory for failure to attend noticed depositions or to respond to

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

discovery. *Lee,* 172 F.R.D. at 425. Neither entry of discovery order nor finding of bad faith is a prerequisite for imposing sanctions for failure to attend noticed depositions or to respond to a request for production of documents. *Id.*

### A.    First and Second Factors

With respect to the first two factors, the Ninth Circuit has held that the public has an overriding interest in judicial efficiency and that "expeditious resolution of disputes is of great importance to the rule of law ... delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1219, 1227 (9th Cir. 2006). In achieving the goal of judicial efficiency, the Court has a need to manage its own dockets. *Id.* The court must not be subject to "endless non-compliance with case management orders" such that the case disposition is unnecessarily protracted. *Id.* (internal quotation marks and citation omitted).

Here, there have been four extensions to the discovery deadline. Each extension was necessitated by <u>dozens</u> of attempts by the undersigned to confer with Elixir, each ending in failure. Several of the outstanding discovery requests have been pending for over a year. Elixir committed to producing discovery time and time again, only to seek the Court's blessing after-the-fact once it yet again failed to produce anything pursuant to deadlines, the rules, and the Court's orders. Elixir's failure to produce a competent corporate representative for deposition—let alone the failure of either Mr. Shahid or Mr. Hudler to appear for deposition—speaks volumes as to the likelihood that Elixir will only continue its blatant disregard for the Court's orders. *See Hester v. Vision Airlines, Inc.,* 687 F.3d 1162, 1169–70 (9th Cir. 2012) (finding that the court's interest in managing its docket was best served by striking an answer because the party's "intentional, bad faith conduct in the discovery process" "has led to multiple hearings and motions before this Court which have nothing to do with the merits of this case, but have been necessary due to [the party's] misconduct. These extra motions and hearings have interfered with the Court's ability to efficiently manage its docket in a manner fair to all parties with pending cases.").

Page 16    DEFENDANT'S MOTION FOR SANCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

## B.    Third Factor

With respect to the third factor, a party's failure to produce documents as ordered is considered sufficient prejudice to support sanctions. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Failure to attend noticed depositions is also sufficient prejudice to support sanctions. *Lee,* 172 F.R.D. at 425. As recounted above, Elixir has failed on both accounts.

## C.    Fourth Factor

The fourth factor, resolution of cases on their merits, always weighs against dismissal. *Adriana Int'l. Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits," and this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine Prods. Litig.*, 460 F.3d at 1228 (internal quotation marks and citation omitted). Here, the case has completely stalled. GIC is left without any viable means of defending itself and prosecuting its claims because Elixir has simply chosen not to participate. Through its inaction, it is clear that Elixir does not intend to meaningfully participate in the resolution of this matter on the merits.

## D.    Fifth Factor[5]

While a court should impose lesser sanctions whenever possible, it is appropriate to reject lesser sanctions when it is anticipated there will be continued misconduct. *United States for Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 604 (9th Cir. 1988). Repeated failures to comply with discovery requests and court-imposed discovery orders shows the requisite fault fully justifying case-dispositive sanctions. *See Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (finding same). Here, the Court's January 20, 2022, order represented a first, lesser sanction than default. In *Dreith*, the District Court imposed an order setting a discovery deadline, which was considered to be an adequate warning by the Ninth Circuit prior

---

[5] To the extent the Court, in its discretion, does not enter orders of default and dismissal as requested herein, GIC requests that it be given leave to propose to the Court lesser sanctions against Elixir.

Page 17       DEFENDANT'S MOTION FOR SANCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

to the order of dismissal. *Dreith,* 648 F.3d at 788-89. Moreover, the fact that a court does not

implement a lesser sanction before dismissal is not dispositive—it is just one factor. *See Hester,*

687 F.3d at 1170 (finding that, in light of a party's willful disobedience, a court could reasonably

conclude that an additional lesser sanction would be pointless). To extend discovery yet again

would merely give Elixir what it desires—*i.e.,* further delay—and would simply validate Elixir's

misconduct.

In total, each of the five factors outlined above weigh towards the sanction of dismissal

and default judgment against Elixir.

## II.    SANCTIONS FOR FAILURE TO SUPPLEMENT ANSWERS TO INTERROGATORIES AND ADMISSIONS TO REQUESTS FOR ADMISSION ARE WARRANTED

In addition to the discovery abuses outlined above, it is clear that Elixir failed to

supplement its responses already given to outstanding discovery requests. Particularly, Elixir

failed to supplement its response to Interrogatory Nos. 1 and 2, which sought the identity of

individuals with knowledge and who might have responsive documents, as well as Interrogatory

No. 3, which sought an accounting of the costs and adjustments related to the Georgia

Transaction. At the 30(b)(6) deposition, Elixir's corporate representative identified at least three

individuals who should have been listed in response, but were not. (Elixir Dep. at 185:24-

188:10.) Secondly, Elixir failed to admit in response to Request for Admission No. 1, which

states "Admit that [GIC] provided services to Elixir in relation to the Georgia Transaction."

Elixir's response was that it could not admit or deny this request based on information it could

obtain. However, at deposition, Elixir admitted numerous times that GIC did, in fact, perform a

service, by means of providing an "introduction" to the State of Georgia for the sale of medical

supplies. (*See generally,* Elixir Dep. at 70:11-72:21.) For these additional failures, GIC has been

prejudiced, and further sanctions are warranted.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

### III.   MOTION TO COMPEL DEPOSITIONS OF A COMPETENT 30(B)(6) WITNESS AND SHAHRIAR SHAHID

In addition to the relief sought above, GIC seeks an order compelling depositions. First, Elixir failed to produce a corporate representative with knowledge (let alone one who had even *reviewed* the notice of topics beforehand). Mr. Hudler immediately acknowledged that he failed to prepare for the deposition, and consistently claimed lack of knowledge, lack of memory, and/or pointing to others within Elixir as having knowledge when asked about the noticed topics. *See generally,* (Elixir Dep. at 10:6-23.) Under Fed. R. Civ. P. 30(b)(6), a party is to produce a witness knowledgeable about the subjects in the notice and to prepare that witness to testify not just to his own knowledge, but the corporation's knowledge. *Consol. Rail Corp. v. Grand Trunk Western R. Co.,* 853 F. Supp. 2d 666 (E.D. Mich. 2012). If the designated agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all. *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 434 (5th Cir. 2006).

In addition to Elixir's failure to produce a competent corporate representative, Elixir also failed to produce its officer, director, chief technology officer, and partial owner, Mr. Shahriar Shahid, despite this deposition being coordinated by the parties beforehand. Mr. Shahid failed to appear for his deposition on February 9, 2022. An order compelling Mr. Shahid's deposition is also appropriate, along with an order awarding GIC its attorneys' fees and costs incurred in preparing for and attending Mr. Shahid's deposition.

### IV.   AN ORDER OF CONTEMPT AGAINST MR. HUDLER FOR FAILURE TO APPEAR FOR DEPOSITION IS WARRANTED

GIC seeks an order of contempt against Mr. Hudler. As recounted above, GIC attempted to subpoena him for deposition four times, beginning in August of 2021. Finally, following the Court's January 20, 2022, order, the undersigned conferred with counsel for Elixir and Mr. Hudler, and agreed on a deposition date for Mr. Hudler on February 10. Mr. Markley accepted service of the re-issued subpoena. (Stamm Decl., ¶ 17.) However, <u>forty minutes</u> prior to

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

the start of Mr. Hudler's deposition, the undersigned was notified that he would not be attending. (*Id.* at ¶ 22.) Under Fed. R. Civ. P. 45(e), an ordinary witness who fails to appear for the taking of his or her deposition after being subpoenaed is guilty of contempt. Given Mr. Hudler's blatant disregard for his obligation to appear for deposition, an order of contempt is warranted, along with an order awarding GIC its attorneys' fees and costs incurred in preparing for, attending, his deposition.

## V.   GIC SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS IN CONJUNCTION WITH THE SANCTIONS REQUESTED HEREIN

In conjunction with the sanctions requested above, the Court should enter an order awarding GIC its attorneys' fees and costs for the following: (1) months of repeated, failed attempts to follow-up with counsel for Elixir and Mr. Hudler on the status of outstanding discovery; (2) hearings associated with outstanding discovery and extensions to the case deadlines as a result; (3) preparation for and attendance of the depositions of Elixir's corporate representative, Shahriar Shahid, and Martin Hudler; and (4) should the Court reopen the discovery deadline and order the three depositions referenced herein, attorneys' fees and costs for preparation and attendance of those depositions. In addition, GIC seeks its attorneys' fees and costs incurred in bringing the instant motion.

## CONCLUSION

Even though warnings were given in this case, the Court did not need to do so. Elixir continually tested the waters with each successive failure to participate in discovery. None of the outstanding discovery was produced by February 4, 2022. Elixir failed to produce a competent corporate representative. Two of the other witnesses simply failed to appear. For months, GIC has spent significant sums of time and attorneys' fees to move this case forward, only to be stymied at each turn. This cannot continue. The Court set a hard deadline of February 4 and February 18, 2022, respectively. For these reasons, and for the reasons stated above, Elixir's disobedience warrants dismissal of its claim and a default judgment in GIC's favor.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

Dated: March 4, 2022.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Jonathan Stamm*
    Anne M. Talcott, OSB #965325
    Email:  atalcott@schwabe.com
    Jonathan Stamm, OSB #185861
    Email:  jstamm@schwabe.com
    Telephone: (503) 222- 9981
    Facsimile: (503) 796-2900

    *Attorneys for Defendant*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900